UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:
Glenn S. Gielecki
Beth A. Gielecki

Case No. 10-62688
Chapter: 13
Judge: Rhodes

_____Debtor (s) /

## SCHEDULE OF UNPAID DEBTS

Debtor(s) unpaid debts consist of those outstanding balances shown in the originally filed schedules, any amended schedules and the following:

| Creditor Name and Address | Date Claim Incurred | Amount |

NONE

## SCHEDULE OF EXECUTORY CONTRACTS

Debtors' executory contracts consist of those outstanding debts shown in the debtor's schedules and any amendments of same and the following:

NONE

## SCHEDULE OF PROPERTY ACQUIRED AFTER
## COMMENCEMENT OF CHAPTER 13 CASE

Debtors have acquired the following property after commencement of Debtor's Chapter 13 proceeding:

NONE

_____
Glenn S. Gielecki, Debtor

_____
Beth A. Gielecki, Debtor


/s/ Brian J. Small
Thav, Gross, Steinway & Bennett, P.C.
BRIAN J. SMALL (P46901)
Attorney for Debtor
30150 Telegraph Road, #444
Bingham Farms, MI 48025-8205
(248) 645-1700
bankruptcy@thavgross.com

B6B (Official Form 6B) (12/07)

In re  **Glenn S. Gielecki,**  Case No. __10-62688-R__
      **Beth A. Gielecki**

Debtors

## SCHEDULE B - PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | Cash on hand | J | 10.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Christian Financial Credit Union Accounts | J | 5.00 |
| | | Credit Union One Account | J | 300.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | All household goods and furniture | J | 10,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Sports memorabilia & snow globes. | J | 2,500.00 |
| 6. Wearing apparel. | | All clothing | J | 3,000.00 |
| 7. Furs and jewelry. | | All jewelry | J | 1,500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Miscellaneous photography equipment | W | 100.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

                                                                                         Sub-Total >     **17,415.00**
                                                                                        (Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com         Best Case Bankruptcy

In re  **Glenn S. Gielecki,**
       **Beth A. Gielecki**

Case No. __10-62688-R__

Debtors

# SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 401k | W | 18,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Potential income tax refund for 2010 | J | 2,971.00 |
| | | | Sub-Total > (Total of this page) | 20,971.00 |

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

In re  Glenn S. Gielecki,
        Beth A. Gielecki

Case No. __10-62688-R__

Debtors

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2003 Pontiac Grand Am | J | 5,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 5,000.00 |
| Total > | 43,386.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

In re  Glenn S. Gielecki                                              Case No. __10-62688-R__
_____,
                                        Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:   ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                   $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
■ 11 U.S.C. §522(b)(2)                                            *with respect to cases commenced on or after the date of adjustment.)*
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Real Property** | | | |
| 10 acres of vacant land in Munising Township Parcel No. 006-052-001-80 | 11 U.S.C. § 522(d)(5) | 10,317.50 | 19,940.00 |
| **Cash on Hand** | | | |
| Cash on hand | 11 U.S.C. § 522(d)(5) | 5.00 | 10.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Christian Financial Credit Union Accounts | 11 U.S.C. § 522(d)(5) | 2.50 | 5.00 |
| Credit Union One Account | 11 U.S.C. § 522(d)(5) | 150.00 | 300.00 |
| **Household Goods and Furnishings** | | | |
| All household goods and furniture | 11 U.S.C. § 522(d)(3) | 5,000.00 | 10,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| Sports memorabilia & snow globes. | 11 U.S.C. § 522(d)(5) | 1,500.00 | 2,500.00 |
| **Wearing Apparel** | | | |
| All clothing | 11 U.S.C. § 522(d)(3) | 1,000.00 | 3,000.00 |
| **Furs and Jewelry** | | | |
| All jewelry | 11 U.S.C. § 522(d)(4) | 500.00 | 1,500.00 |
| | Total: | 18,475.00 | 37,255.00 |

__0__ continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                            Best Case Bankruptcy

In re  **Beth A. Gielecki**                                   Case No. __10-62688-R__

Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
■ 11 U.S.C. §522(b)(2)
☐ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Cash on Hand** | | | |
| Cash on hand | 11 U.S.C. § 522(d)(5) | 5.00 | 10.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Christian Financial Credit Union Accounts | 11 U.S.C. § 522(d)(5) | 2.50 | 5.00 |
| Credit Union One Account | 11 U.S.C. § 522(d)(5) | 150.00 | 300.00 |
| **Household Goods and Furnishings** | | | |
| All household goods and furniture | 11 U.S.C. § 522(d)(3) | 5,000.00 | 10,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| Sports memorabilia & snow globes. | 11 U.S.C. § 522(d)(5) | 1,000.00 | 2,500.00 |
| **Wearing Apparel** | | | |
| All clothing | 11 U.S.C. § 522(d)(3) | 2,000.00 | 3,000.00 |
| **Furs and Jewelry** | | | |
| All jewelry | 11 U.S.C. § 522(d)(4) | 1,000.00 | 1,500.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Miscellaneous photography equipment | 11 U.S.C. § 522(d)(5) | 100.00 | 100.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| 401k | 11 U.S.C. § 522(d)(12) | 18,000.00 | 18,000.00 |
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| Potential income tax refund for 2010 | 11 U.S.C. § 522(d)(5) | 2,971.00 | 2,971.00 |
| | **Total:** | **30,228.50** | **38,386.00** |

__0__ continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

In re Glenn S. Gielecki
Beth A. Gielecki
Debtor(s)

Case No. **10-62688-R**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S): None. | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Unemployed | Unemployed |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ 0.00 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): **Unemployment** | $ 0.00 | $ 1,568.67 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 1,568.67 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 0.00 | $ 1,568.67 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 1,568.67 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Debtor wife was recently let go from her job at Walgreens.**

In re  Glenn S. Gielecki
     Beth A. Gielecki                                            Case No.  **10-62688-R**
                              Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 1,200.00 |
| a. Are real estate taxes included? | Yes ___ No _X_ | |
| b. Is property insurance included? | Yes ___ No _X_ | |
| 2. Utilities: a. Electricity and heating fuel | | $ 150.00 |
| b. Water and sewer | | $ 0.00 |
| c. Telephone | | $ 0.00 |
| d. Other  **See Detailed Expense Attachment** | | $ 250.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 50.00 |
| 4. Food | | $ 455.00 |
| 5. Clothing | | $ 120.00 |
| 6. Laundry and dry cleaning | | $ 50.00 |
| 7. Medical and dental expenses | | $ 220.00 |
| 8. Transportation (not including car payments) | | $ 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 0.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | | $ 0.00 |
| b. Life | | $ 0.00 |
| c. Health | | $ 329.00 |
| d. Auto | | $ 110.00 |
| e. Other _____ | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | | $ 338.85 |
| b. Other _____ | | $ 0.00 |
| c. Other _____ | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other  **See Detailed Expense Attachment** | | $ 200.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 3,672.85 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
  **Rent listed is anticipated as debtors intend to surrender their home.**

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ 1,568.67 |
| b. Average monthly expenses from Line 18 above | $ 3,672.85 |
| c. Monthly net income (a. minus b.) | $ -2,104.18 |

B6J (Official Form 6J) (12/07)

In re  Glenn S. Gielecki
       Beth A. Gielecki
                                    Debtor(s)                    Case No.  10-62688-R

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---|
| Cable & Internet | $ 135.00 |
| Cell phone | $ 115.00 |
| **Total Other Utility Expenditures** | $ 250.00 |

**Other Expenditures:**

| | |
|---|---|
| Personal grooming | $ 50.00 |
| Auto maintenance | $ 50.00 |
| Cigarettes | $ 100.00 |
| **Total Other Expenditures** | $ 200.00 |

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Eastern District of Michigan

In re: Glenn S. Gielecki, Beth A. Gielecki, Debtor(s)

Case No. 10-62688-R

Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:** Bank of America Home Loans | **Describe Property Securing Debt:** 27610 Groveland, Roseville, MI 48066 |

Property will be (check one):
■ Surrendered ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt ☐ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:** Chase Manhattan Mortgage | **Describe Property Securing Debt:** 27610 Groveland, Roseville, MI 48066 |

Property will be (check one):
■ Surrendered ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt ☐ Not claimed as exempt

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Christian Financial Credit Union** | **Describe Property Securing Debt:**<br>**2003 Pontiac Grand Am** |
| Property will be (check one):<br>☐ Surrendered        ■ Retained<br><br>If retaining the property, I intend to (check at least one):<br>   ☐ Redeem the property<br>   ■ Reaffirm the debt<br>   ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is (check one):<br>   ■ Claimed as Exempt                      ☐ Not claimed as exempt ||

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**Chrysler Financial** | **Describe Leased Property:**<br>**2008 Dodge Pick up** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES      ■ NO |

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date **March 22, 2011**        Signature **/s/ Glenn S. Gielecki**
                                                            Glenn S. Gielecki
                                                            Debtor

Date **March 22, 2011**        Signature **/s/ Beth A. Gielecki**
                                                             Beth A. Gielecki
                                                            Joint Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In re:  Case No 10-62688-R
Glenn S. Gielecki  Chapter 7
Beth A. Gielecki
_____Debtor(s)/  Judge

STATEMENT OF ATTORNEY FOR DEBTOR(S)
PURSUANT TO F.R.BANKR.P. 2016 (b)

The undersigned, pursuant to F.R.Bankr.P. 2016 (b), states that:

1. The undersigned is the attorney for the Debtor(s) in this case.

2. The compensation paid or agreed to be paid by the Debtor(s) to the undersigned is:

[X] FLAT FEE
    A. For legal services rendered in contemplation of and in connection with this case, exclusive of the filing fee paid............................................................................................... $1,205.00
    B. Prior to filing this statement, received............................................................... $1,205.00
    C. The unpaid balance due and payable is............................................................ $0.00

[ ] RETAINER /FLAT FEE BLEND
Pursuant to retainer agreement:
The client agrees to compensate TGS&B in such amount as is approved by the Bankruptcy Court in accordance with the terms and conditions of the Chapter 13 Plan. The minimum fee for services rendered in connection with a confirmed Chapter 13 Plan shall be $3,000.00, based upon the hourly rate of the services performed by the Firm. The actual fee shall be that which is approved by the court subject to the minimum charged of $3,000.00 and if the time devoted to such tasks exceeds $3,000.00, then the fee shall be such amount based upon the hourly charges for the services performed subject to approval by the Court.

    A.
        Agreed fee (subject to hourly billing if fees exceed $3000.00.)     0.00
        Fees received prior to filing the case     0.00
        Balance due (subject to hourly billing if the fee exceeds $3000.00)     0.00
    B. The undersigned shall bill against the retainer at an hourly rate of $325.00 (subject to annual increases). Debtor (s) have agreed to pay all court approved fees and expenses exceeding the amount of the retainer.

3. The filing fee has been paid.

4. In return for the above disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    (a) Analysis of Client's financial situation, and rendering advice and assistance to Client in determining whether to file a petition under Title 11, U.S.C.
    (b) Preparation and filing of the Petition, Schedules, Statement of Affairs, and other documents required to be filed to initiate proceedings.
    (c) Representation of Client at first meeting of creditors.
    (d) Preparation and filing of any pleadings required to reaffirm any debt or to redeem any property.
    (e) Attendance and representation (if a chapter 13 matter) at the confirmation hearing.

5. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
The Attorney Fee DOES NOT include Additional or Supplemental Services or anything other than above. Examples of items that are Additional or Supplemental Services that are **not included** are:
    (a) Attendance at any hearing on the valuation of any property.
    (b) Attendance at any hearing on a motion seeking termination or modification of the bankruptcy stay.
    (c) Attendance or representation of you in any adversarial proceedings unless otherwise mandated by the Local Bankruptcy Rules of the District.
    (d) Discovery or attendance in any examinations regarding any debts of the Client.

(e) Work related to a motion to dismiss filed by the Trustee or a Creditor.
(f) Post confirmation conferences or other work or if a chapter 7 any Post 341 Hearing conference or Post 341 Hearing.

If any of the above Additional or Supplemental services are performed then such services shall be billed to you at our hourly rate for the person performing such services plus any related reimbursable expenses. The attorney rate for such services in connection with Chapter 13 Bankruptcy work is $325.00 per hour, subject to annual increases, and for non-bankruptcy work is $350.00, subject to annual increases. Provided further, depending upon the nature of the Additional or Supplemental services, we may require the payment in advance of a retainer against hourly charges. In such circumstance, you will be advised of the amount of the retainer required.

**Specifically with regard to representation in any adversarial proceeding filed by a creditor or litigation filed by the Chapter 7 Trustee or the U.S. Trustee, TGS &B must be separately retained in writing; otherwise, TGS& B shall not represent Client with regard to such proceeding, unless mandated by the local bankruptcy rules of the district.**

6. The source of payments to the undersigned was from:
   A.   __X__    Debtor(s)' earnings, wages, compensation for services performed
   B.   _____   (describe, including the identity of payor)

7. The undersigned has not shared or agreed to share, with any other person, other than with members of the undersigned's law firm or corporation, any compensation paid or to be paid except as follows:

Dated:   March 22, 2011

/s/ Brian J. Small
Brian J. Small (P46901)
Attorney for the Debtor(s)
Thav Gross, P.C.
30150 Telegraph Rd. Ste. 444
Bingham Farms, MI 48025
248 645-1700
Bankruptcy@thavgross.com

Agreed: _____
Glenn S. Gielecki

_____
Beth A. Gielecki

B22A (Official Form 22A) (Chapter 7) (04/10)

In re: Glenn S. Gielecki
Beth A. Gielecki

Case Number: 10-62688-R
Debtor(s)
(If known)

According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement):
☐ The presumption arises.
■ The presumption does not arise.
☐ The presumption is temporarily inapplicable.

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

## Part I. MILITARY AND NON-CONSUMER DEBTORS

| | |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>    ☐ I remain on active duty /or/<br>    ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>OR<br><br>b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>    ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

Best Case Bankruptcy

Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com